JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Coactiv Capital Partners, Inc.
f/k/a Coactiv Capital Partners LLC

**(b)** County of Residence of First Listed Plaintiff: **Montgomery, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen Levin, Esquire, Lamm Rubenstone LLC 3600 Horizon Blvd., Suite 200, Trevose, PA 19053 215-638-9330

## DEFENDANTS
Zenith Development, Inc.
Susan Hannaford

County of Residence of First Listed Defendant: **Clark**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 (a) (1)

Brief description of cause:
Breach of Contract in Lease of Equipment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 86,979.52
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)  JUDGE _____  DOCKET NUMBER _____

DATE: 11/18/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __655 Business Center Drive, No. 250, Horsham, PA 19044__

Address of Defendant: __4616 West Sahara, Las Vegas, Nevada 89102__

Place of Accident, Incident or Transaction: __Montgomery County, PA__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*
I, __Stephen Levin__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __11/19/08__   _____   __19300__
                        Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   __19300__
                        Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COACTIV CAPITAL PARTNERS, INC. <br> f/k/a CoActiv Capital Partners, LLC <br>                                Plaintiff, <br> v. <br><br> ZENITH DEVELOPMENT, INC. <br>    and <br> SUSAN HANNAFORD <br>                                Defendants. | Civil Action No. |

## DISCLOSURE STATEMENT FORM

Please check one box:

[ ]      The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[X]      The nongovernmental corporate party, <u>CoActiv Capital Partners</u>, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

<u>CoActiv Capital Partners is a wholly owned subsidiary of Marubeni America Corporation which is a wholly owned subsidiary of Marubeni Corporation which is a public company traded on the Japanese Stock Exchange.</u>

11/18/08
Date                                          Signature

                             Counsel for: <u>Plaintiff</u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a)    WHO MUST FILE NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock that there is no such corporation.
     (b)    TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
           (1)    file the Rule 7.1 (a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
           (2)    promptly file a supplemental statement upon any change in the information that the statement requires.

390187-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| COACTIV CAPITAL PARTNERS, INC. <br> f/k/a CoActiv Capital Partners LLC <br>                                   Plaintiff, <br> v. <br> ZENITH DEVELOPMENT, INC. <br>   and <br> SUSAN HANNAFORD <br>                                  Defendants. | Civil Action No. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ON OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255     ( )

(b)     Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits     ( )

(c)     Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2     ( )

(d)     Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos     ( )

(e)     Special Management – Cases that do no fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f)     Standard Management – Cases that do no fall into any one of the other tracks.     (✓)

| | | |
|---|---|---|
| 11/19/08 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-638-9330 | 215-638-2867 | slevin@lammrubenstone.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COACTIV CAPITAL PARTNERS, INC.<br>f/k/a Coactiv Capital Partners LLC<br>                Plaintiff,<br>vs.<br><br>ZENITH DEVELOPMENT, INC.<br>     and<br>SUSAN HANNAFORD<br><br>                Defendants. | Civil Action No. |

## BACKGROUND

Coactiv Capital Partners, Inc. f/k/a Coactiv Capital Partners LLC, through its undersigned attorneys, Lamm Rubenstone LLC, as and for their Complaint allege as follows:

1. Plaintiff, Coactiv Capital Partners, Inc. f/k/a Coactiv Capital Partners LLC (hereinafter referred to as "CoActiv") is a Delaware corporation, registered to do business in the Commonwealth of Pennsylvania with its principal place of business located at 655 Business Center Drive, Number 250, Horsham, Pennsylvania 19044.

2. Defendant, Zenith Development, Inc. (hereinafter referred to as "Zenith Development") is, upon information and belief, a California corporation with a principal place of business known to Coactiv at 4616 West Sahara, Las Vegas, Nevada 89102.

3. Defendant, Susan Hannaford (hereinafter referred to as "Hannaford") is, upon information and belief, an adult individual and President of Zenith Development, whose last known address to Coactiv is 6230 Wilshire Boulevard, Los Angeles, California 90048.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(a)(1), as the matter in controversy exceeds $75,000 exclusive of costs and interest, and is between citizens of different states.

5.  Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1391 (a)(1), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### FIRST CLAIM FOR RELIEF

(Breach of Contract as against Zenith Development, Inc.)

6.  The averments contained in paragraphs 1 through 5 of this Complaint are incorporated by reference as though set forth at length herein.

7.  On or about August 9, 2007, Zenith Development executed and delivered to Coactiv a certain Lease Agreement, Number 105538 (hereinafter referred to as the "Lease"), which provided for the lease and hire of certain items of equipment as more particularly described therein (hereinafter referred to as the "Equipment"). A true and correct copy of the Lease is attached hereto, incorporated herein and marked as Plaintiff's Exhibit "A."

8.  The Lease requires Zenith Development, *inter alia*, to make thirty-six (36) consecutive, monthly Lease payments in the amount of $1,615.87 each, plus applicable taxes, until the entire obligation of the Lease is paid in full.

9.  The Equipment was delivered and accepted by the Defendant, Zenith Development, as evidenced by the executed Acceptance. A true and correct copy of the Acceptance is included in the Lease attached hereto as Plaintiff's Exhibit "A."

10. The Lease specifically states that a "Default" under this Lease occurs when we [Lessor] do not receive any Rent or other payment due hereunder (5) days after its due date. See Lease, Exhibit "A", paragraph 11.

11. Coactiv properly perfected its security interest in and to the Equipment by recording a UCC Financing Statement with the State of California/UCC Division, in which Coactiv is listed as the Secured Party to the Equipment.

12. Zenith Development breached the terms and conditions of the Lease and became in default thereof, *inter alia*, by reason of its failure to make the Lease payments as required.

13. As a result of said defaults, on or about October 3, 2008, Coactiv exercised its right to demand immediate payment in full of all obligations due under the Lease. A true and correct copy of Coactiv's notice of demand and acceleration to Zenith Development is attached hereto, incorporated herein and marked as Plaintiff's Exhibit "B."

14. Defendant, Zenith Development failed to pay the accelerated amount due as required.

15. In accordance with the terms of the Lease, Zenith Development is obligated and liable to Coactiv as follows:

| | | |
|---|---|---:|
| (a) | Accelerated balance due | $ 70,433.52 |
| (b) | Equipment Purchase Option | 1.00 |
| (c) | Miscellaneous fees | 12.00 |
| (d) | Sales Tax | 5,810.88 |
| (e) | Personal Property Tax | 990.97 |
| (f) | Insurance fees | 3,778.80 |
| (g) | NSF fees | 60.00 |
| (h) | Late charges | 7,043.35 |
| | **TOTAL** | **$ 88,229.52** |

16. In accordance with the Lease, Zenith Development is liable to Coactiv for expenses incurred in connection with the enforcement of remedies, including attorneys' fees and costs. To date, Coactiv has incurred attorney's fees, legal expenses and costs in the actual amount of $750.00 which amount shall increase as the instant action proceeds.

17. Despite repeated demands for payment, Zenith Development has failed, refused and neglected to pay the full balance due and owing to Coactiv under the Lease.

## SECOND CLAIM FOR RELIEF

(Breach of Contract as against Susan Hannaford)

18. The averments contained in paragraphs 1 through 17 of this Complaint are incorporated by reference as though set forth at length herein.

19. In order to induce Coactiv to enter into the Leases, on or about August 9, 2007, Hannaford made, executed, and delivered to Coactiv a Guaranty (hereinafter referred to as the "Guaranty") contained within the Lease, wherein Hannaford agreed to unconditionally and irrevocably guarantee to Coactiv, the prompt payment and performance of all obligations under the Lease owed to Coactiv by Zenith Development. A true and correct copy of the Guaranty is included in the Lease attached hereto as Plaintiff's Exhibit "A."

20. Hannaford breached the terms and conditions of the Guaranty, and became in default thereof, *inter alia*, by reason of her failure to make the Lease payments as required.

21. As a result of said default, on or about October 3, 2008, Coactiv exercised its right to demand immediate payment in full of all obligations due under the Lease. A true and correct copy of Coactiv's notice of demand and acceleration to Hannaford is attached hereto, incorporated herein and marked as Plaintiff's Exhibit "B."

22. Defendant, Hannaford failed to pay the accelerated amount due as required.

23. In accordance with the terms of the Guaranty, Hannaford is obligated and liable to Coactiv as follows:

|     |                              |              |
|-----|------------------------------|-------------:|
| (a) | Accelerated balance due      | $ 70,433.52  |
| (b) | Equipment Purchase Option    | 1.00         |
| (c) | Miscellaneous fees           | 12.00        |
| (d) | Sales Tax                    | 5,810.88     |
| (e) | Personal Property Tax        | 990.97       |
| (f) | Insurance fees               | 3,778.80     |
| (g) | NSF fees                     | 60.00        |

|     |                |              |
|-----|----------------|--------------|
| (h) | Late charges   | 7,043.35     |
|     | **TOTAL**      | **$ 88,229.52** |

24. In accordance with the Guaranty, Hannaford is liable to Coactiv for expenses incurred in connection with the enforcement of remedies, including attorneys' fees and costs. To date, Coactiv has incurred attorney's fees, legal expenses and costs in the actual amount of $750.00 which amount shall increase as the instant action proceeds.

25. Despite repeated demands for payment, Hannaford has failed, refused and neglected to pay the full balance due and owing to Coactiv under the Guaranty.

WHEREFORE, Plaintiff, CoActiv Capital Partners, Inc. f/k/a Coactiv Capital Partners, LLC demands judgment in its favor as follows:

(i) On the First Claim for Relief, damages against Zenith Development, Inc. in the amount $88,979.52, plus additional attorney's fees as they accrue, costs, expenses, interest from the date of default, and such other relief as this Court deems just and proper.

(ii) On the Second Claim for Relief, damages against Susan Hannaford in the amount $88,979.52, plus additional attorney's fees as they accrue, costs, expenses, interest from the date of default, and such other relief as this Court deems just and proper.

Respectfully submitted,

**LAMM RUBENSTONE LLC**

By: _____
Stephen Levin, Esquire (SL5362)
David A. DeFlece, Esquire
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
(215) 638-9330
(215) 638-2867 - *Facsimile*
*Attorneys for Plaintiff,*
*CoActiv Capital Partners, Inc.*

Dated: 11/19/08

390511_1

# EXHIBIT "A"

## EQUIPMENT LEASE AGREEMENT

**CO-ACTIV CAPITAL PARTNERS**

Agreement # 14327

| | |
|---|---|
| LESSEE (Full Legal Name) | Phone Number |
| Zenith Development, Inc. | (310) 658-8666 |
| Billing Address | Send Invoice to Attention of: |
| 4616 West Sahara Las Vegas NV 89102 | |
| Equipment Location | Fed Tax ID #  X 954669143 | Email Address |
| 6230 Wilshire Blvd, Los Angeles, CA 90048-5104 | | |

### EQUIPMENT DESCRIPTION:

| Vendor / Manufacturer | Model | Quantity | Serial Number | Description |
|---|---|---|---|---|
| Reliant | MB2 | 1 | M0548 | Medical Laser |
| Zimmer | Cryo 5 | 1 | 798821 | Chiller |

### PAYMENT INFORMATION    Documentation Fee: $150.00

| Number of Payments | Payment Amount | LEASE TERM (in months) | PAYABLE |
|---|---|---|---|
| 36 | $1,615.87 + Applicable Taxes | 36 | Monthly |
| Pmt Sched (If Applic): Step#  #Pmts | Payment Amount | $2,934.73 (First Pmt in Advance) | End of Lease Provision: Full Payout to Customer Amount: $100.00 |

### TERMS AND CONDITIONS

We have written this Lease in plain language because we want you to understand its terms. Please read your copy of this Lease carefully and feel free to ask us any questions you may have. The words "you" and "your" mean the Lessee. The words "we", "us", and "our" refer to the Lessor. **THIS LEASE IS NOT CANCELABLE. YOU AGREE THAT THE EQUIPMENT WILL BE USED FOR BUSINESS PURPOSES ONLY AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES.**
THIS LEASE AND ALL SCHEDULES WILL BE GOVERNED BY THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA. YOU SPECIFICALLY WAIVE ANY DEFENSE BASED UPON FORUM NON CONVENIENS AND YOU ADMIT THAT THE COURT OF COMMON PLEAS FOR MONTGOMERY COUNTY, PENNSYLVANIA AND THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA ARE CONVENIENT FORUMS TO RESOLVE ALL DISPUTES UNDER THIS LEASE.

**1. LEASE.** Subject to the terms of this Lease, you agree to lease from us the Equipment and, if applicable, finance and delivery and installation costs and the software license fee ("Software License Fee") for any operating or application ("Software") described above when we accept this Lease at our office in Pennsylvania. **ONCE WE ACCEPT THIS LEASE, YOU MAY NOT CANCEL IT DURING THE FULL LEASE TERM.** You agree to be bound by all the terms of this Lease.

**2. DELIVERY AND ACCEPTANCE OF SYSTEM.** Acceptance of the Equipment and Software occurs upon delivery. When you receive the Equipment, you agree to inspect it and to verify by telephone or in writing such information as we may require. Delivery and installation costs are your responsibility. If you signed a purchase contract for the Equipment, by signing this Lease, you assign your right, but none of your obligations under it, to us. Your rights to the Software are governed by the software license agreement.

**3. RENT.** You agree to pay us Rent (plus applicable taxes) when each payment is due. If your Rent payments are due in Advance, your first Rent repayment is due on the date you accept the Equipment under this Lease. Rent is due whether or not you receive an invoice from us. Interim Rent shall be due from the date that you accept the Equipment. We may charge you a return check or non-sufficient funds charge of $25.00 for any check which is returned by the bank for any reason (not to exceed the maximum amount permitted by law). For any payment which is not received by its due date, you agree to pay a late charge equal to the higher of 10% of the amount due or $25 (not to exceed the maximum amount permitted by law) as reasonable collection costs. You authorize us to change the Rent by not more than 15% due to changes in the Equipment configuration. Unless a proper exemption certificate is provided, applicable sales and use taxes will be added to the Rent.

Terms and Conditions Continued on Page 2

BY SIGNING THIS AGREEMENT, YOU ACKNOWLEDGE AND AGREE THAT YOU HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS ON BOTH PAGES OF THIS AGREEMENT.

| LESSOR | LESSEE |
|---|---|
| CoActiv Capital Partners LLC 655 Business Center Drive, Suite 250, Horsham, PA 19044 Phone 267-960-4000  FAX 267-960-4001 | Legal Name of Corporation Zenith Development, Inc. |
| Signature / Print Name / Title / Date 8/13/07 | Signature X / Print Name S. Hannaford / Title PRESIDENT / Date 8-9-07 |

### ACCEPTANCE
The Equipment has been received, put in use, is in good working order and is satisfactory and acceptable.

| Signature X | Title PRESIDENT | Print Name S. HANNAFORD | Date 8-9-07 |
|---|---|---|---|

### GUARANTY
I unconditionally guarantee prompt payment of all the Lessee's obligations. The lessor is not required to proceed against the Lessee or the Equipment or enforce other remedies before proceeding against me. I waive notice of acceptance and all other notices or demand of any kind to which I may be entitled. I consent to any extensions or modification granted to the Lessee and the release and/or compromise of any obligations of the Lessee or any other guarantors without releasing me from my obligations. This is a continuing guaranty and will remain in effect in the event of my death and may be enforced by or for the benefit of any assignee or successor of the Lessor. This guaranty is governed by and constituted in accordance with the Laws of the Commonwealth of Pennsylvania and I consent to jurisdiction in any state or federal court in Pennsylvania.

| Guarantor Signature (a) X | Print Name (a) Susan Hannaford | Date 8-9-07 |
|---|---|---|
| Guarantor Signature (b) | Print Name (b) | Date |

TERMS AND CONDITIONS – CONTINUED.

**4. UNCONDITIONAL OBLIGATION.** YOU AGREE THAT YOU ARE UNCONDITIONALLY OBLIGATED TO PAY ALL RENT AND ANY OTHER AMOUNTS DUE UNDER THIS LEASE FOR THE FULL LEASE TERM EVEN IF THE EQUIPMENT IS DAMAGED OR DESTROYED, IF IT IS DEFECTIVE OR YOU HAVE TEMPORARY OR PERMANENT LOSS OF ITS USE. YOU ARE NOT ENTITLED TO REDUCE OR SET-OFF AGAINST RENT OR OTHER AMOUNTS DUE UNDER THIS LEASE FOR ANY REASON WHATSOEVER.

**5. DISCLAIMER OF WARRANTIES.** THE EQUIPMENT IS BEING LEASED TO YOU IN AS-IS CONDITION. NO INDIVIDUAL IS AUTHORIZED TO CHANGE ANY PROVISION OF THIS LEASE. WE HAVE NOT MADE AND DO NOT MAKE ANY EXPRESS OR IMPLIED REPRESENTATIONS OR WARRANTIES WHATSOEVER, INCLUDING WITHOUT LIMITATION, THE EQUIPMENT MERCHANTIBILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, DESIGN, CONDITION, DURABILITY, OPERATION, QUALITY OF MATERIALS OR WORKMANSHIP, OR COMPLIANCE WITH SPECIFICATIONS OR APPLICABLE LAW. YOU AGREE THAT WE ARE NOT LICENSING THE SOFTWARE TO YOU.

**6. TITLE AND SECURITY INTEREST.** Except for leases with $100.00 purchase provision, we will have title to the Equipment. If you have a $100.00 purchase provision and/or the Lease is deemed to be a security agreement, you grant us a security interest in the Equipment and all proceeds therefrom. You authorize us to sign financing statements and file financing statements on your behalf. All facsimile documents can also be regarded as original documents.

**7. USE, MAINTENANCE AND REPAIR.** You will not move the Equipment from the Location without our advance written consent. You will give us reasonable access to the Equipment Location so that we can check the Equipment's existence, condition and proper maintenance. At your own cost and expense, you will keep the Equipment in good repair, condition and working order, ordinary wear and tear expected.

**8. TAXES.** You agree that you will pay us, when invoiced, all taxes and charges. We may charge you a processing fee for administering property tax filings.

**9. INDEMNITY.** We are not responsible for any injuries, damages, penalties, claims or losses, including legal expenses, incurred by you or any other person caused by the transportation, installation, selection, purchase, lease, ownership, possession, modification, maintenance, condition, operations, use, return or disposition of the Equipment. You agree to reimburse us for and defend us against any claims for such losses, damages, penalties, claims, injuries, or expenses. This indemnity continues even after the Lease has expired for acts or omissions which occurred during the Lease Term.

**10. LOSS OR DAMAGE AND INSURANCE.** You are responsible for any loss of the Equipment from any cause at all, whether or not insured, from the time the Equipment is shipped to you until the time it is returned to us. You agree to (a) keep the Equipment fully insured against loss, naming us as loss payee, and (b) obtain a general public liability insurance policy covering both personal injury and property damage in amounts not less than we may tell you, naming us as additional insured, until you have met all of your obligations under this Lease. If you do not provide us with evidence of proper insurance at our request or we receive notice of policy cancellation, we may (but we are not obligated to) obtain insurance on our own interest in the Equipment at your expense. An insurance charge will be added to each of your invoices. The insurance charge includes premium, interest and/or finance charges on that premium, fees for tracking the insurance, and administration expenses (including a fee payable to Us which may include a profit). You will pay all insurance premiums and related charges and there will be no deductible.

**11. DEFAULT AND REMEDIES.** You will be in default under this Lease if any of the following happens: (a) we do not receive any Rent or other payment due hereunder 5 days after its due date, or (b) you or any of your guarantors become insolvent, are liquidated, dissolve, merge, transfer substantially all stock or assets, stop doing business, or assign rights or property for the benefit of creditors, or (c) a petition is filed by or against you or any of your guarantors under any bankruptcy or insolvency law, or (d) (for individuals) you or any of your guarantors die, or have a guardian appointed, or (e) any representation you have made in this Lease shall prove to be false or misleading in any material aspect, or (f) you or any of your guarantors break any guaranty and do not correct the default within 10 days after we send you written notice of the default, or (g) you default on any other agreement between you and us (or our affiliates), or (h) you violate the terms of the software license agreement. Upon the occurrence of default, we may, in our sole discretion, do any or all of the following: (a) provide written notice to you of default, (b) as liquidated damages for loss of a bargain and not as a penalty, declare due and payable, the present value (i) any and all amounts which may be then due and payable to you and us under this Lease, plus (ii) all Rent payments remaining through the end of the Lease Term, plus (iii) the Purchase Provision Amount, if stated, or if no fixed Purchase Amount is given, our reasonable estimate of the Fair Market Value of like equipment as of the end of the Lease Term, all discounted at the higher of 6% or the lowest rate allowed by law (collectively, the "Net Book Value"). Any return or repossession will not be considered a termination or cancellation of the Lease. If the Equipment is returned or repossessed we will sell or re-rent the Equipment at terms we determine, at one or more public or private sales, with or without notice to you, and apply the net proceeds (after deducting any related expenses) to your obligations. You remain liable for any deficiency with any excess being retained by us. You agree to pay all of the costs we incur to enforce our rights against you including attorney's fees.

**12. YOUR END OF LEASE PROVISIONS.** If a 10% Purchase Provision or a FMV Provision is indicated above and provided you are not in default, you will give us at least 90 days but not more than 180 days written notice (to our address below) before the expiration of the initial lease term (or any renewal term) of your intention to purchase or return the Equipment. With proper notice you may: a) purchase all the Equipment as indicated above under "End of Lease Purchase Provision" (10% Purchase Provision will equal 10% of the original equipment cost. FMV amounts will be determined by us based on the Equipment's in place value) plus any applicable taxes and an end of term processing fee of $87.25; or b) return all the Equipment in good working condition at your cost in a time, manner, and to a location we designate. If you fail to notify us, or if you don't a) purchase or b) return the Equipment as provided herein, this Lease automatically renew at the same payment amount for consecutive 12 month periods. You will pay us for any missing or defective parts or accessories. YOU WILL CONTINUE TO PAY RENT UNTIL THE EQUIPMENT IS RECEIVED AND ACCEPTED BY US. **For all other provisions**, you will be billed the amount stated above plus any applicable taxes and end of term processing fee of $87.25. YOU DO NOT HAVE THE OPTION TO RETURN THE EQUIPMENT. For all types of Purchase Provisions, We will charge You a processing fee not to exceed the maximum permitted by law as reasonable compensation to cover the cost of the documentation costs at the end of the transaction.

**13. ASSIGNMENT.** YOU WILL NOT SELL, TRANSFER, ASSIGN, PLEDGE, SUB-LEASE OR PART WITH POSSESSION OF THE SYSTEM, OR FILE OR PERMIT A LIEN TO BE FILED AGAINST THE EQUIPMENT. We may, without notifying you, sell, assign, or transfer this Lease and our interests in the Equipment. You agree that if we do so, the new owner (and any subsequent owners) will have the same rights and benefits that we now have, but will have to perform any of our obligations. You agree that the rights of the new owner will not be subject to any claims, defenses, or set-offs that you may have against us. Any such assignment, sale, or transfer of this Lease or Equipment will not relieve us of any obligations we may have to you under this Lease. If you are given notice of a new owner of this Lease, you agree to respond to any requests about this Lease and, if directed by us, to pay the new owner all rents and other amounts due under this Lease.

**14. FURTHER ASSURANCES.** From time to time, You will execute and deliver to Us, or Our Assignee, on demand and without limitation, such additional documents and will provide such additional information as We or Our Assignee, may reasonably require to carry out the terms of this Agreement and be informed of Your status and affairs.

**15. MISCELLANEOUS.** This Lease contains our entire agreement and supersedes any conflicting provision of any equipment purchase order or any other agreement. TIME IS OF THE ESSENCE IN THIS LEASE. If a court finds any provision of this Lease to be unenforceable, the remaining terms of this Lease shall remain in effect. THIS LEASE IS A "FINANCE LEASE" AS DEFINED IN ARTICLE 2A OF THE UNIFORM COMMERCIAL CODE. You authorize us (or our agent) to (a) obtain credit reports, (b) make such other credit inquiries as we may deem necessary, and (c) furnish payment history information to payment reporting agencies. To the extent permitted by law, we may charge a fee to cover our documentation and investigation costs.

**16. WAIVERS.** WE AND YOU EACH AGREE TO WAIVE AND TO TAKE ALL REQUIRED STEPS TO WAIVE ALL RIGHTS TO A JURY TRIAL. To the extent you are permitted by applicable law, you waive all rights and remedies conferred upon a lessee by Article 2A (Sections 508-522) of the Uniform Commercial Code including, but not limited to your rights to: (a) cancel or repudiate this Lease; (b) reject or revoke acceptance of the Equipment; (c) recover damages for us for any breach of warranty or for any other reason and (d) grant a security interest in any Equipment in your possession. To the extent you are permitted by applicable law, you waive any rights you now or later may have under any statute or otherwise which requires us to sell or otherwise use any portion of the Equipment to reduce our damages, which requires us to provide you with notice of default, intent to accelerate amounts becoming due or acceleration of amounts becoming due, or which may otherwise limit or modify any of our rights or remedies. ANY ACTION YOU TAKE AGAINST US FOR ANY DEFAULT, INCLUDING BREACH OF WARRANTY OR INDEMNITY, MUST BE STARTED WITHIN ONE (1) YEAR AFTER THE EVENT WHICH CAUSED IT. We will not be liable for specific performance of this Lease for any losses, damages, delay or failure to deliver the Equipment.

x_____ Initials (Required)



August 10, 2007

**Zenith Development, Inc.**
4616 West Sahara
Las VegasNV  89102

This Amendment Letter is hereby made part of that certain Equipment Lease Agreement No. 14327 dated _____ by and between CoActiv Capital Partners LLC ("Lessor") and Zenith Development, Inc. ("Lessee"). The Equipment Lease Agreement No. 14327 is hereby amended as follows:

The correct End of Lease Provision is:
   Full Payout to Customer
   Amount: $101.00

All other terms and conditions of the Equipment Lease Agreement dated 14327 remain unchanged. A faxed copy of this document shall be accepted to be a legal and binding agreement.

| LESSEE: Zenith Development, Inc. | LESSOR: CoActiv Capital Partners LLC |
|---|---|
| By: _____ | By: _____ |
| Name: S. HANNAFORD | Name: _____ |
| Title: PRESIDENT | Title: _____ |
| Date: AUG 10 /07 | Date: 8/13/A |

500 2-way Billing address change 8/05

# Addendum to Equipment Lease Agreement
(Early Buyout - $100 End of Lease Purchase)

Lessor: CoActiv Capital Partners LLC
Lessee: Zenith Development, Inc.
Lease Number: 14327
Equipment: Equipment as described in the Equipment Lease Agreement

This Addendum to Equipment Lease Agreement ("Addendum") shall amend the Equipment Lease Agreement by and between the above lessor ("Lessor") and the above lessee ("Lessee") with reference to the above lease transaction ("Lease").

1. Provided the Lease debt has not been accelerated by Lessor upon default of Lessee, Lessee may terminate the Lease at any time by paying Lessor an amount equal to the sum of: (a) any currently due or past due monthly payments, including any related taxes, late charges and other fees, (b) the remaining future monthly payments discounted at 11% (rate originally used in calculating the monthly payments) as set forth on the books of Lessor, (c) any taxes applicable to the transaction, and (d) any other amounts due to Lessor under the Lease.

2. All terms and conditions of the Lease not inconsistent with this Addendum shall be and remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this Addendum and acknowledge receipt of a true copy hereof on the date(s) indicated below.

LESSEE: Zenith Development, Inc.

(Print Name of Company)

By: _____
(Signature)

S. HANNAFORD            6-12-07
(Print Name and Title)    (Date)

ACCEPTED BY:
LESSOR:
_____ 8/13/07
                        (Date)

Buyout Addendum 09/06 - JRJ

# DISCLAIMER OF OWNERSHIP

The undersigned Zenith Development, Inc. ("Customer") proposes to be the Customer of certain equipment from CoActiv Capital Partners LLC ("Lienholder") pursuant to an Equipment Finance Agreement between Lienholder and Customer bearing Agreement # 14327 Signed by the Customer on 6-12-07 . ("Date").The equipment covered by the Agreement will be hereinafter referred to as the "Equipment".

The Equipment will be purchased from Sciton ("Vendor"). Customer has made a down payment to the Vendor as part of the original purchase order, and it is contemplated that, upon Lienholder's receipt of all necessary documentation and satisfaction of all terms and conditions to Lienholder entering into the Agreement, Lienholder shall pay the Vendor the remaining balance of the purchase price and receive a bill of sale from the Vendor covering 100% ""interest in the Equipment.

The Customer, being satisfied that its payments under the Agreement are based only upon Lienholder's payment to the Vendor and not Customer's down payment, hereby consents to the Vendor transferring the entire ownership in the Equipment to Lienholder, and effective on the actual transfer of the Equipment to Lienholder, disclaims any ownership, interest or rights in the Equipment except those the Customer has by virtue of being the Customer under the Financing Agreement.

Zenith Development, Inc.
Customer

_____
Signature

_____
Title

_____
Date

**EXHIBIT "B"**

**CoActiv Capital Partners, Inc.**
655 Business Center Road, Suite 250
Horsham, PA 19044

COACTIV LEGAL DEPARTMENT

Dated: October 3, 2008

Susan Hannaford
and Individually (as Personal Guarantor)
**Zenith Development, INC.**
6230 Wilshire Blvd. #1255
Los Angeles, CA 90048
*Via FAX to: 310-622-4478*

**FINAL DEMAND**

Re: Notice of Default – Equipment Lease Agreement No(s). 105538 ($76,591.79)

Dear Mrs. Hannaford:

I am writing on behalf of CoActiv Capital Partners, Inc. ("CoActiv") to advise you that the above-referenced Equipment Lease Agreements (the "Lease(s)") have been referred to CoActiv's legal department.

Zenith Development, Inc. ("Lessee") is in default of its obligations under the Lease(s) which pertain to certain equipment described therein (the "Equipment") for failure to pay rent, late fees and all other charges as provided for in the Leases. As a result, you are hereby notified that, in accordance with the terms and conditions set forth in the Lease(s), CoActiv hereby declares the Lease(s) in default and exercises its right to accelerate the entire balances due thereunder. The Lessee therefore owes CoActiv the sum of, without limitation, all unpaid rent payments, taxes, late charges, insurance, repossession costs, attorney's fees and other amounts as provided for in the Leases, **which sum is currently $76,591.79 (the "Amount Due") and is hereby demanded to be paid in full**.

Pursuant to your execution (in addition to the Lease(s)) of the personal guaranty(ies) (collectively, the "Guaranty(ies)"), you have guaranteed the Lease(s) and are **personally** responsible for payment of the Amount Due to CoActiv in addition to the Lessee. It is our intention to transfer the Lease files to CoActiv outside attorneys with instructions to immediately commence a lawsuit against the Lessee, you, personally, your corporations and/or your limited liability company(ies) to enforce the Lease(s) and/or the Guaranty(ies) to collect the Amount Due (which will increase significantly) without any further notification. **You may prevent such a lawsuit by ensuring that CoActiv receives a bank wire payment or a hand-delivered cashier's check from you for the Amount Due no later than 4:00 p.m. on October 7, 2008.**

The return of all of the Equipment is also hereby demanded in the event that you fail to pay CoActiv the Amount Due. **You are also hereby notified that an agent of CoActiv will be in touch with you concerning repossession of the Equipment upon such failure to pay**. CoActiv expressly reserves all claims, rights and remedies against the Lessee, and you, personally, together with all of the Lessee's, your personal and/or corporate/company assets, pursuant to the Lease(s) and/or the Guaranty(ies). Finally, without limitation and notwithstanding anything to the contrary, nothing contained or omitted herein shall be construed as an admission against interest or a waiver by or on behalf of CoActiv in any respect.

You should give this matter your immediate attention and are encouraged to immediately contact Lloyd Markind (267-960-4070) or the undersigned upon your receipt of this correspondence.

Sincerely,

CoActiv Capital Partners, Inc.

By: _____
Lloyd S. Markind
Vice President & Corporate Counsel
Direct Dial: 267/960-4070/-2070 (Fax)

LSM/wp